UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gertrude Nyanjega and
Duba Roba,

        Plaintiffs,

v.

David Douglas,
*District Director, USCIS, St. Paul Field Office*;
Leslie Tritten,
*Field Office Director*;
Jeff Sessions,
*Attorney General*; and
Elaine Duke,
*Ag-Secretary, Department of Homeland Security*,

        Defendants.

**Case No. 17cv1685 (SRN/SER)**

**REPORT AND RECOMMENDATION**

---

STEVEN E. RAU, United States Magistrate Judge

    The above-captioned case comes before the undersigned on Plaintiffs Gertrude Nyanjega and Duba Roba's (collectively, "Plaintiffs") Motion for Entry of Default Final Judgment [Doc. No. 7]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the motion.

    At a party's request, a court may enter default judgment against a party who "'has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure].'" *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (quoting Fed. R. Civ. P. 55(a));[1] *see also* Fed. R. Civ. P. 55(b). An "entry of default under Rule 55(a) must precede a grant of a default judgment

---

[1] Rule 55(a) was amended in 2007 and currently states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Default judgment is "only appropriate where there has been a clear record of delay or contumacious conduct." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988) (internal quotation marks omitted). "[E]ntry of default judgment should be a rare judicial act." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (internal quotation marks omitted).

Plaintiffs filed an Application for Entry of Default [Doc. No. 6], which was denied by letter from the Clerk's Office. (Letter Dated Oct. 13, 2017) [Doc. No. 10]. Thus, the record demonstrates that entry of default has not been entered as to any defendant, and therefore, default judgment is not appropriate. *See* Fed. R. Civ. P. 55(a); *Johnson*, 140 F.3d at 783.

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs Gertrude Nyanjega and Duba Roba's Motion for Entry of Default Final Judgment [Doc. No. 7] be **DENIED**.

Dated: January 5, 2018

                                                   *s/Steven E. Rau*
                                                   STEVEN E. RAU
                                                   United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).