UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gertrude Nyanjega and Duba Roba, <br><br> Plaintiffs, <br><br> v. <br><br> Douglas, et al., <br><br> Defendants. | Case No. 17-cv-1685 (SRN/SER) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Gertrude Nyanjega and Duba Roba, 409 Tamarack Trail, Farmington, MN 55024, pro se.

Friedrich A. P. Siekert, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the objections ("Objections") [Doc. No. 122] of Plaintiffs Gertrude Nyanjega and Duba Roba to Magistrate Judge Steven Rau's Report and Recommendation ("R&R") [Doc. No. 120] recommending that this Court grant Defendants' Motion to Dismiss and for Summary Judgment [Doc. No. 103] and deny Plaintiffs' Motion to Compel Discovery [Doc. No. 97]. The Court overrules Plaintiffs' Objections, adopts the R&R in full, grants Defendants' Motion to Dismiss and for Summary Judgment, and denies Plaintiffs' Motion to Compel Discovery.

I.   **Background**

   A.   **Factual History**

On December 2010, Plaintiff Roba arrived in the United States on a B-2 tourist

visa from Nairobi, Kenya, where he was born. ((Certified Admin. Record ("CAR") [Doc. No. 79-3] at 325, 333, 546, 578.)[1] Roba stated that he intended to stay with a "friend," Nyanjega,[2] during his trip, visit the Grand Canyon, and then leave after one month. (*Id.* at 578.) Nyanjega paid for his trip to the United States. (*Id.*)

Five months later, on May 18, 2011, Roba married Safia Sheikh Adan in St. Paul, Minnesota.[3] ([Doc. No. 79-2] at 67; [Doc. No. 79-3] at 303, 306, 325, 333.) On July 27, 2011, Adan filed a Form I-130 (Petition for an Alien Relative) on Roba's behalf and Roba filed a Form I-485 (Application to Register Permanent Resident or Adjust Status). ([Doc. No. 79-2] at 68; [Doc. No. 79-3] at 333–34, 485–90.) On December 1, 2011, Roba and Adan were interviewed in connection with Adan's I-130 petition. ([Doc. No. 79-2] at 68; [Doc. No. 79-3] at 326–31.)

During the investigation into Roba and Adan's marriage, United States Citizenship and Immigration Services ("USCIS") found a number of red flags. Specifically, Roba submitted different residence histories to his employers and on rental applications than he submitted, either verbally or in writing, to USCIS. ([Doc. No. 79-2] at 74.) Adan never added Roba to any of her leases and never listed him as an emergency contact or a designee to receive her belongings. (*Id.* at 69–71.) There were also a number of

---

[1] The numbers referenced refer to the original pagination at the bottom of the record.
[2] Gertrude Nyanjega's previous name was Gertrude Russell. (CAR [Doc. No. 79-2] at 201.) Roba reported that he was staying with Nyanjega at her residence located at 28 Nutmeg Drive in Worcester, Massachusetts during his trip. ([Doc. No. 79-3] at 578–79.)
[3] Adan was married under the name Madin Kassim Dula, but changed her name several weeks later. (*Id.* at 344–45.) Adan became a naturalized citizen on February 14, 2007. (*Id.* at 305.)

inconsistencies in the separate interviews of Roba and Adan including in regard to Adan's prior marriages, the location of her children, her divorces, the timing and circumstances of her entry into the United States, where Roba lived upon entry to the United States, during his time in Seattle, and during his first visit to St. Paul, Roba's siblings, and Roba's employment situation. (*Id.* at 68.) USCIS also found no evidence of co-ownership of property or commingling of financial resources. (*Id.* at 69.)

On August 28, 2013, USCIS officers conducted a site visit at 2511 Portland Avenue South, Apartment 313, in Burnsville, Minnesota—Roba's last known residence. ([Doc. No. 79-2] at 71; [Doc. No. 79-3] at 570.) During that visit, Roba stated that he and Adan were still cohabiting, despite having initiated divorce proceedings.[4] ([Doc. No. 79-2] at 73; [Doc. No. 79-3] at 566.) However, in his application for that apartment, Roba listed Nyanjega as his spouse and Nyanjega registered her Minnesota driver's license and vehicle to that address. ([Doc. No. 79-2] at 72; [Doc. No. 79-3] at 565.) Additionally, Nyanjega answered the door to the apartment and USCIS officers saw mail addressed to Nyanjega on the table. (*Id.*)

On October 8, 2013, USCIS issued a Statement of Findings ("SOF") that Roba had committed fraud in his and Adan's I-130/I-485 applications. ([Doc. No. 79-2] at 74.) More specifically, USCIS found that Roba had been living with Nyanjega since his arrival in 2010. (*Id.* at 76.) As a result, on November 12, 2013, USCIS mailed Adan a Notice of Intent to Deny ("NOID") her I-130 petition. (*Id.* at 3, 74, 294–302.) After Adan

---

[4] Roba and Adan's divorce became final on September 10, 2013. ([Doc. No. 79-2] at 75, 214–28.)

failed to respond, USCIS denied Adan's I-130 petition on December 20, 2013 and subsequently denied Roba's I-485 application on December 27, 2013. (*Id.* at 74.) Denial notices were mailed to both Roba and Adan, and their attorney of record, Daniel Brown. ([Doc. No. 79-2] at 3, 74, 282–93; [Doc. No. 79-3] at 493–94.) Neither party appealed the decision.

On September 24, 2013, Roba and Nyanjega were married. ([Doc. No. 79-2] at 74, 204, 212.) On October 29, 2013, Nyanjega filed a Form I-130 on Roba's behalf and Roba filed a concurrent Form I-485.[5] ([Doc. No. 79-2] at 2–3, 74, 201–03; [Doc. No. 79-3] at 497–503.) In an interview with USCIS, Roba refused to admit that he had lived with Nyanjega prior to their shared residence in Burnsville and both Roba and Nyanjega gave conflicting testimony as to when they became romantically involved. ([Doc. No. 79-2] at 76.)

On May 21, 2014, USCIS mailed Nyanjega a NOID concerning her I-130 petition, citing the fraudulent marriage between Roba and Adan. (*Id.* at 3–4, 77, 188–99.) Through counsel, Nyanjega submitted evidence in response to the NOID. (*Id.* at 3, 77.) Nonetheless, on February 9, 2016, USCIS denied the petition on the grounds that, based on their investigation, it was determined that Roba had entered into a prior sham marriage for the purpose of evading the immigration laws. (*Id.* at 78.) Under 8 U.S.C. § 1154(c), "[n]o petition shall be approved" if USCIS has determined the "alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." A

---

[5] Nyanjega became a naturalized citizen on July 20, 2010. ([Doc. No. 79-2] at 211; [Doc. No. 79-3] at 323.)

4

marriage entered into for the purpose of evading immigration laws thus precludes a beneficiary from ever receiving "immediate relative" status from a subsequent I-130 petition. *Id.* In other words, the petition by Nyanjega was denied because it was determined that Roba had previously entered into a sham marriage with a different wife, Adan, to obtain immigration benefits. (CAR [Doc. No. 79-2] at 3–4, 78, 188–99.) Roba's I-485 was similarly denied. ([Doc. No. 79-3] at 475–83.)

Nyanjega appealed the decision to the BIA. ([Doc. No. 79-2] at 35–60.) The BIA affirmed, and determined that the "facts of the present case reflect substantial and probative evidence that the prior marriage of the beneficiary to []Adan was entered into for the purpose of evading the immigration laws." ([Doc. No. 79-2] at 2.)

**B.  Procedural History**

Plaintiffs then filed this suit on May 22, 2017 under the Immigration and Nationality Act and the Administrative Procedures Act. In this suit, Plaintiffs allege that, prior to making a decision on Adan's I-130 petition, USCIS failed to provide Roba a copy of its investigative report so he could respond, thus depriving him of due process. (Compl. [Doc. No. 1] ¶¶ 10, 20–24, 48; Am. Compl. [Doc. No. 35] ¶ 48.) Roba contends that he never received the NOID for Adan's I-130 petition. (Am. Compl. ¶ 48.) Plaintiffs allege that failure to provide notice and an opportunity to rebut the evidence was arbitrary, capricious, and an abuse of discretion. (*Id.* ¶ 52.) Plaintiffs also argue that the investigation improperly focused on the later years of the marriage instead of its inception and that there was an unconstitutional warrantless entry by USCIS officers during the site visit. (*Id.* ¶¶ 55–59.)

5

On December 4, 2018, in a thorough and well-reasoned R&R, Magistrate Judge Rau recommended that Defendants' Motion to Dismiss and for Summary Judgment be granted and Plaintiffs' Motion to Compel Discovery be denied. (R&R at 29.) On December 17, 2018, Plaintiffs filed timely Objections to the R&R. Plaintiffs contend that issues of material fact preclude summary judgment.

## II. Discussion

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–cv–1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008.) The district court reviews *de novo* those portions of a report and recommendation to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* D. Minn. LR 72.2(b). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). Thus, a party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006).

### B. Defendants' Motion for Summary Judgment

Defendants move for summary judgment arguing that: (1) substantial evidence supports the finding that Roba had previously attempted to acquire an immigration benefit through marriage fraud and (2) the denial of Nyanjega's I-130 petition was not arbitrary, capricious, or an abuse of discretion as a matter of law.

#### 1. Legal Standard

##### a. Summary Judgment

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). On a motion for summary judgment, the court views the facts in the light most favorable to the nonmoving party. *Davison v. City of Minneapolis*, 490 F.3d 648, 651 (8th Cir. 2007).

##### b. Review of Agency Action

"[A] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The court may "decide relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or

applicability of the terms of an agency action." 5 U.S.C. § 706. The court's review is limited to the record before the agency. *See Sierra Club v. Davies*, 955 F.2d 1188, 1192 (8th Cir. 1992). The court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Under this standard of review the court "must defer to any reasonable interpretation given to [a] statute by the agency charged with its administration." *Ark. Poultry Fed'n v. U.S. Envtl. Protection Agency*, 852 F.2d 324, 325 (8th Cir. 1988). An agency acts arbitrarily or capriciously when it fails to consider the relevant matters and there is a "clear error of judgment." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). The court's sole duty is to determine whether there is a rational connection between the facts and the agency's actions. *See Cermak v. Norton*, 322 F. Supp. 2d 1009, 1014 (D. Minn. 2004). Under this standard of review, "to reverse the BIA finding we [the Court] must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 48, n.1 (1992) (original emphasis).

### 2. Analysis

The following material facts are not in dispute. A NOID was mailed to Adan on November 12, 2013 at her last known address—181 Mount Airy Street and sent to both Adan and Roba's attorney. (CAR [Doc. No. 79-2] at 294, 304.) In it, the NOID clearly stated that if no response is given, "the case will be decided on present evidence." (*Id.* at 302.) As Adan never responded to the NOID, her I-130 was denied on February 6, 2014.

8

(*Id.* at 282.) Roba was similarly notified that his I-485 application had also been denied. ([Doc. No. 79-3] at 493–94.)

As for Nyanjega's I-130 petition, a NOID was issued on May 21, 2014. ([Doc. No. 79-2] at 188.) In her response, Nyanjega argued that her petition should be granted because Adan had not received an NOID and USCIS had not "accurately review[ed] the record." (*Id.* at 88.) USCIS, as required by law, re-reviewed the file along with the new information submitted by Nyanjega—including call records, various affidavits, and address histories. (*Id.* at 77.) However, USCIS found that these additional documents did not overcome the discrepancies that were encountered in both of Roba's USCIS interviews (December 1, 2011 and February 14, 2014) and the site visit on August 28, 2013. (*Id.* at 78.)

Specifically, USCIS had evidence that Roba had submitted different residence histories to his employers and on rental applications than he submitted, either verbally or in writing, to USCIS. (*Id.* at 74.) Adan never added Roba to any of her leases and never listed him as an emergency contact or a designee to receive her belongings. (*Id.* at 69–71.) Roba and Adan were inconsistent in their interviews about Adan's prior marriages, the location of her children, her divorces, the timing and circumstances of her entry into the United States, where Roba lived upon entry to the United States, during his time in Seattle, and during his first visit to St. Paul, Roba's siblings, and Roba's employment situation. (*Id.* at 68.) There was also no evidence of co-ownership of property or commingling of financial resources. (*Id.* at 69.) Moreover, when USCIS went to visit Roba at 2511 Portland Avenue South, Apartment 313, in Burnsville, Minnesota,

9

Nyanjega answered the door to the apartment. (*Id.* at 71–72.) USCIS officers saw mail addressed to Nyanjega on the table and Roba initially lied to officers that Nyanjega was just visiting, instead of living there. (*Id.* [Doc. No. 79-3] at 564–67.) Moreover, at that time, Roba had already listed Nyanjega as his spouse and Nyanjega had registered her Minnesota driver's license and vehicle to that address. (*Id.*)

Through their submissions, Plaintiffs have failed to show that Defendants' decision to deny Nyanjega's I-130 petition, due to the fraudulent marriage between Roba and Adan, was not in accordance with the law, 5 U.S.C. § 706(2)(A), or that another decision is compelled by the record, *Elias-Zacarias*, 502 U.S. at 481 n.1. Moreover, there is no evidence to support Plaintiffs' contention that the denial of Nyanjega's I-130 petition by USCIS was arbitrary, capricious, or unlawful. Simply put, there is substantial and probative evidence to support the decision of USCIS that Roba and Adan entered into a sham marriage. Therefore, the Court agrees with Magistrate Judge Rau's recommendation that Defendants' Motion for Summary Judgment be granted.

### 3. Plaintiffs' Objections

Plaintiffs assert various objections to Magistrate Judge Rau's R&R. However, none of Plaintiffs' objections create a genuine issue of material fact that would defeat summary judgment.

### a. Review of the St. Paul Housing Authority Lease[6]

Plaintiffs object to Magistrate Judge Rau's review of Plaintiffs' St. Paul Housing Authority lease because Plaintiffs allege that this Court lacks jurisdiction to review a state agency action. (Pls.' Objections at 1–2.)

However, courts do have the power to review agency actions, findings, and conclusions to determine whether they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A)

In his R&R, Magistrate Judge Rau noted that Roba had never been added to Adan's lease in St. Paul at 181 Mount Airy Street. (R&R at 6 (citing CAR [Doc. No. 79-2] at 71; [Doc. No. 79-3] at 401).) Magistrate Judge Rau's review of the lease, which was considered by USCIS, was entirely proper to evaluate whether issues of material fact preclude summary judgment. Therefore, Plaintiffs' objection is overruled.

### b. Number of Pages in the Summit Park Apartment Lease

Plaintiffs argue that there is a discrepancy between the numbers of pages in the Certified Administrative Record (15 pages) and the number of pages that a fax cover sheet claims were part of the document (11 pages) with regard to this lease. (Pls.' Objections at 2.) Moreover, Plaintiffs also object to Magistrate Judge Rau's conclusion that Nyanjega's full application to the Summit Park Apartments was contained in the documents. (*Id.* at 3.)

---

[6] Plaintiffs object to Magistrate Judge Rau's review of the St. Paul Housing Authority lease again in part four, section three of their Objections. (Pls.' Objections at 3.) For all of the reasons stated below, the Court overrules this objection.

However, Plaintiffs fail to explain how the possible discrepancy in the number of pages is relevant to the conclusions at issue. In addition, it appears clear that Nyanjega's full application was contained in the attached documents. (R&R at 24.) The fax cover sheet indicates that Nyanjega was added as an occupant on May 1, 2013 and includes a copy of her driver's licenses, a background check, and a one-page application. (CAR [Doc. No. 79-3] at 436, 446–49.) Therefore, Plaintiffs' objections are overruled.

### c. Handwritten Notes Taken During the Site Visit

Plaintiffs argue that the USCIS officers' handwritten notes from the August 2013 site visit to the Burnsville apartment "creates an issue of material fact." (Pls.' Objections at 3.) Plaintiffs do not further explain, however, the basis for this objection. As Magistrate Judge Rau noted, because the handwritten notes were already included in the record in the SOF, he appropriately reviewed them in determining that the USCIS decision to deny Nyanjega's I-130 petition was not arbitrary and capricious. (CAR [Doc. No. 79-3] at 564–67.) Thus, Plaintiffs' objection is overruled.

### d. Roba's Entry into the United States

Plaintiffs object that Magistrate Judge Rau's recitation of certain facts surrounding Roba's entry into the United States is irrelevant. (Pls. Objections at 3.) However, facts regarding Roba's entrance into the United States are relevant in evaluating whether the USCIS decision that he and Adan entered into a sham marriage was arbitrary and capricious. In this case, USCIS found that Roba only came to the United States after Nyanjega paid for his trip and that he stayed with her after arriving. (CAR [Doc. No. 79-3] at 578.) These facts are certainly probative of the issue of the validity of Roba and

Adan's marriage. Plaintiffs' objection is overruled.

### e. Certain Affidavits Regarding the Marriage

Plaintiffs argue that Magistrate Judge Rau failed to review affidavits from two individuals with knowledge of Roba and Adan's marriage. (Pls.' Objections at 3.) But both of the affidavits at issue are in the Certified Administrative Record and were reviewed by USCIS in consideration of Nyanjega's I-130 petition. (CAR [Doc. No. 79-3] at 552–56.) Magistrate Judge Rau also considered them when he reviewed the USCIS decision. (R&R at 13.) As such, Plaintiffs' objection is overruled.

### f. Analysis of Roba's Employment Record

Plaintiffs argue that Magistrate Judge Rau's review of Roba's employment record is not relevant to the intentions of Roba or Adan during their marriage. (Pls.' Objections at 3.) However, Roba's employment records show his residential history, which indicates that he had been living with Nyanjega since 2010. (CAR [Doc. No. 79-2] at 70, 109–16; [Doc. No. 79-3] at 453–60, 567–68.) Therefore, Plaintiffs objection is overruled, as Roba's employment record is one piece of evidence supporting the decision of USCIS that Roba and Adan's marriage was a sham.

### g. Failure to Send Denial Notice to Roba

Plaintiffs object to Magistrate Judge Rau's conclusion that the notice of denial of Adan's I-130 petition need not have been sent to Roba. (Pls.' Objections at 4.) Yet, as Magistrate Judge Rau correctly explains, under 8 C.F.R. § 204.2(a)(3), denials of I-130 petitions need only be sent to the petitioner. (R&R at 17 (citing *Matter of Sano*, 19 I. & N. Dec. 299, 300 (BIA 1985)).) As Adan was the petitioner, Roba was not entitled to

notice regarding the status of Adan's I-130 petition. Additionally, Adan and Roba were both represented by the same attorney, Daniel Brown, who received all relevant notices, including the denial of Adan's I-130 petition, and the USCIS provided Adan an opportunity to respond. (CAR [Doc. No. 79-2] at 3, 74, 282–93; [Doc. No. 79-3] at 493–94.) Accordingly, Plaintiffs' objection is overruled.

### h. Date of Roba and Nyanjega's Marriage

Plaintiffs object to Magistrate Judge Rau's observation that Roba and Nyanjega got married on September 24, 2013 because they assert that it is not their marriage that is in question. (Pls.' Objections at 4.) However, background information on Roba and Nyanjega's shared history is necessary to determine if the USCIS denial of Nyanjega's I-130 petition was arbitrary and capricious due to Roba's previous sham marriage to Adan. (CAR [Doc. No. 79-2] at 2–3, 74, 201–03; [Doc. No. 79-3] at 497–503.) Therefore, Plaintiffs' objection is overruled.

### i. Judicial Notice of Roba's Green Card Application

Plaintiffs object to Magistrate Judge Rau's failure to take judicial notice of the approval of Roba's green card application. (Pls.' Objection at 4.) Under the Administrative Procedures Act, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Here, Magistrate Judge Rau correctly applied the law by reviewing all of the information contained in the Certified Administrative Record. (R&R at 28.) Furthermore, he properly declined to review Roba's application, which is extra-record material. (*Id.* at 24.) Thus, Plaintiffs' final objection is

overruled.

### C. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiffs' constitutional claim, under Federal Rule of Civil Procedure 12(h)(3), that USCIS violated Plaintiffs' Fourth Amendment rights when they conducted the site visit of Roba's home arguing that this Court has no subject matter jurisdiction over these claims.

#### 1. Legal Standard

##### a. Motion to Dismiss Under Rule 12(h)(3)

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir. 1991).

##### b. Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (citation omitted). A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted). "To sue the United States, [the plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *VS Ltd. P'ship v. Dept. of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). If sovereign

15

immunity applies, the Court lacks subject matter jurisdiction, and the matter must be dismissed without prejudice. *Roth v. United States*, 476 F. App'x 95, 95 (8th Cir. 2012).

  2.  **Analysis**

Plaintiffs have neither identified any waiver of sovereign immunity by the United States nor a grant of subject matter jurisdiction over the claims presented. While Plaintiffs point to 28 U.S.C. § 1331, this statute is merely a jurisdictional one that "does not create any substantive rights that may be enforced against the United States . . . ." *Hagemeier v. Block*, 806 F.2d 197, 203 (8th Cir. 1986). Therefore, as Magistrate Judge Rau recommended, Plaintiffs constitutional claims must be dismissed.

  D.  **Plaintiffs' Motion to Compel**

Plaintiffs move to compel "a digitized copy of [Roba's] USCIS A-File" and for an order permitting the deposition of the two USCIS officers who conducted the August 2013 site visit. (Pls.' Mot. to Compel at 1.)

Under the Administrative Procedures Act ("APA"), "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). "The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court*.*" *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985).

Plaintiffs here have not presented any extraordinary circumstances that would allow discovery outside of the initial record created by USCIS. Moreover, the record is already composed of Roba's A-file and, as stated above, the Court lacks jurisdiction to

consider Plaintiffs' Fourth Amendment claim surrounding the site visit. (Decl. of Shauna Harrison [Doc. No. 99] ¶ 8.) Therefore, Plaintiffs Motion to Compel is denied.

### E. Plaintiffs' Motion for Judicial Notice

Plaintiffs additionally move this Court to take judicial notice of Adan and Roba's "lease of 181 [Mount] Airy Street," the approval of Roba's I-485 petition, and the handwritten notes of the site visit. (Pls.' Mot. for Judicial Notice [Doc. No. 136] at 1.)

"A court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

These facts cannot be judicially noticed by the Court under Rule 201. As to the 181 Mount Airy Street lease, USCIS reviewed it, found that Roba had never been added to the lease, and relied on that information to decide the outcome of the I-130 and I-485 petitions associated with this case. (CAR [Doc. No. 79-2] at 294, 304.) Moreover, according to the record in this case, Roba's I-485 was denied, not approved. (*Id.* at 74.) Lastly, there is nothing for this Court to judicially notice regarding the site visit notes, as they were simply part of the USCIS record. ([Doc. No. 79-3] at 564–67.) As such, this Court denies Plaintiffs' Motion for Judicial Notice.

## III. Order

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs Gertrude Nyanjega and Duba Roba's Objections [Doc. No. 122] are **OVERRULED**;

2. Magistrate Judge Rau's R&R [Doc. No. 120] is **ADOPTED** in its entirety;

3. Defendants Douglas et al.'s Motion to Dismiss and for Summary Judgment [Doc. No. 103] is **GRANTED**;

4. Plaintiffs Gertrude Nyanjega and Duba Roba's Motion to Compel Discovery [Doc. No. 97] is **DENIED**;

5. Plaintiffs Gertrude Nyanjega and Duba Roba's Motion for Judicial Notice of Public Records [Doc. No. 136] is **DENIED**; and

6. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 13, 2019
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge